<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEROY TISHON MOORE | : | |
| | : | Civil Action No. 04-3343 (MLC) |
| Plaintiff, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| ROBERT SHAW, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

> LEROY T. MOORE, #299658C,47235, Plaintiff Pro Se
> Bayside State Prison, Unit C
> 4293 Route 47, P.O. Box F-1
> Leesburg, New Jersey 08327

<u>**COOPER, DISTRICT JUDGE**</u>

Plaintiff Leroy Tishon Moore, who is confined in Bayside State Prison ("BSP"), brings this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.  The Court has already granted Moore's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, and assessed a $150 filing fee to be deducted from Moore's prison account.  (7-26-04 Ord.)  But the Court also directed Moore to "file an Amended Complaint containing facts sufficient to state a claim or claims under 42 U.S.C. § 1983, in conformance with the Federal Rules of Civil Procedure."  (<u>Id.</u>)

The Court, pursuant to 28 U.S.C. §§ 1915 (e) (2) and 1915A, has reviewed the Amended Complaint to identify cognizable claims.

The Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted.

## I. <u>BACKGROUND</u>

Moore brings this action pursuant to 42 U.S.C. § 1983 seeking damages for alleged violations of his rights secured by the Constitution and laws of the United States.  Defendants are Robert Shaw, Administrator of the Albert C. Wagner Youth Facility ("ACWYF"); Michael Dozier, a clinical supervisor; Gateway Foundation; Steven Sootkoos, Administrator of the Garden State Youth Correctional Facility ("GSYCF"); Devon Brown, Commissioner of the New Jersey Department of Corrections; Mr. Wallace, Superintendent of GSYCF; and V. Davis, another clinical supervisor. (Am. Compl., Caption and Statement of Claims.)

Moore asserts that while at ACWYF, Shaw allegedly sent him to work in Trenton off facility grounds for 2 ½ months despite the fact that Shaw knew a mistake had been made.  (Statement of Claims.)  Shaw thereafter transferred Moore to GSYCF to cover up his error; Moore states that he would have been eligible for halfway house placement earlier had this not been done and had he not been required to participate in a program at GSYCF upon the transfer.  (<u>Id</u>.)  Moore states that at GSYCF, Dozier attempted to have sexual relations with him in a restroom.  (<u>Id</u>.)  Gateway Foundation, Sootkoos, and Brown allegedly failed to respond to Moore's communications about his situation. (<u>Id</u>.)  Wallace

allegedly moved Moore from one housing unit to another, even though it had been ordered that Moore should be kept "separate"; Moore thereafter was attacked by three other prisoners.  (Id.) Moore concludes by stating that Davis threatened to lower his status if he did not sign a form relating to the program that he did not want to enter.  (Id.)

## II. DISCUSSION

A.  Standard for Dismissal

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); accord Leatherman v. Tarrant County Narcs. Intell. & Coord. Unit, 507 U.S. 163, 168 (1993).  The Court "must determine whether, under any reasonable reading of the pleadings, the plaintiff[] may be entitled to relief, and . . . must accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (citing Holder v. Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Under the liberal pleading rules, during the initial stage of litigation, a district court should construe all allegations in a complaint in favor of the complainant, and give credit to the

allegations of the complaint as they appear in the complaint.
Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  "When it
appears beyond doubt that no relief could be granted under any
set of facts which could be proved consistent with the allegations
of the complaint, a dismissal pursuant to Rule 12(b)(6) is
proper."  Robinson v. Fauver, 932 F.Supp. 639, 642 (D.N.J. 1996)
(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

     To establish a violation of 42 U.S.C. § 1983, a plaintiff
must demonstrate that the challenged conduct was committed by a
person acting under color of state law and the conduct deprived
him of rights, privileges, or immunities secured by the laws or
Constitution of the United States.  West v. Atkins, 487 U.S. 42,
48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970);
Piecknick v. Pa., 36 F.3d 1250, 1255-56 (3d Cir. 1994); Shaw v.
Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  Section 1983
does not confer substantive rights, but provides a remedy for the
deprivation of rights protected by federal law.  Okla. City v.
Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. v. City
of Phila., 142 F.3d 582, 590 (3d Cir. 1998).

     Plaintiff also must assert and prove some causal connection
between a Defendant and the alleged wrongdoing to recover against
that Defendant.  See Mt. Healthy City Sch. Dist. Bd. of Educ. v.
Doyle, 429 U.S. 274, 287 (1977); Lee-Patterson v. N.J. Transit Bus
Opers., 957 F.Supp. 1391, 1401-02 (D.N.J. 1997).  "A defendant in

4

a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Causal connection is shown where a Defendant (1) participated in violating Plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his subordinates' violations; or (4) tolerated past or ongoing misbehavior. Friedland v. Fauver, 6 F.Supp.2d. 292, 302-03 (D.N.J. 1998) (citing Baker v. Monroe Tp., 50 F.3d 1186, 1190-91 & n.3 (3d Cir. 1995)). The Court will now analyze Moore's claims.

## B.  Defendants Shaw and Davis

The Court notes Moore's claims against Shaw and Davis appear to assert, at best, violations of New Jersey law. But violation of state law does not state a claim under 42 U.S.C. § 1983. Elkin v. Fauver, 969 F.2d 48, 52 (3d Cir. 1992); Green v. Patterson, 971 F.Supp. 891, 903 (D.N.J. 1997) (citing Elkin). The Court also notes that a plaintiff enjoys no constitutional right to a particular prison job or custody situation. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); see Asquith v. Dep't of Corr., 186 F.3d 407, 411 (3d Cir 1999) (no protected liberty interest in remaining in specific facility or program in prison system); Lyon v. Farmer, 727 F.2d 766, 769 (7th Cir. 1984) (no constitutional entitlement to tenure in prison jobs). As to his housing

transfer, Moore has failed to assert that any Defendant knew he
would be attacked after being moved.  Moore merely states that
Defendants were negligent in moving him to another housing unit;
such negligence is not actionable under 42 U.S.C. § 1983.
Davidson v. O'Lone, 752 F.2d 817 (3d Cir. 1984), aff'd sub nom.
Davidson v. Cannon, 474 U.S. 344 (1986) (where government
official is merely negligent in causing injury, no procedure for
compensation is constitutionally required).  Therefore, the Court
will dismiss all claims against Shaw and Davis pursuant to 28
U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state
a claim upon which relief may be granted.

C.  Defendants Gateway Foundation, Sootkoos, Brown and Wallace

     Moore's claims against these Defendants appear to state, at
best, claims of respondeat superior liability and negligence,
which are not actionable under 42 U.S.C. § 1983.  See Rode, supra;
Davidson, supra.  The Court will dismiss all claims against these
Defendants for failure to state a claim upon which relief may be
granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

D.  Defendant Dozier

     Moore asserts Dozier attempted to have sexual relations with
him in a restroom.  (Am. Compl., Statement of Claims.)  The Court
will construe this as a conditions-of-confinement claim under
either the Eighth Amendment, which pertains to convicted

prisoners, or the Due Process Clause of the Fourteenth Amendment, which pertains to pretrial detainees.[1]

To prevail on a conditions-of-confinement claim, an inmate must establish an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).  First, the alleged deprivation must be "objectively, sufficiently serious."  Farmer, 511 U.S. at 834; see Helling v. McKinney, 509 U.S. 25, 32-35 (1993) (allegation that prison officials have, with deliberate indifference, exposed inmate to harmful levels of environmental tobacco smoke states cause of action under Eighth Amendment).  Second, an inmate must show that the defendant "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer, 511 U.S. at 847; see Nami v. Fauver, 82 F.3d 63, 67-68 (3d Cir. 1996).

Allegations of sexual abuse of a prisoner by a corrections officer may state an Eighth Amendment claim under § 1983.  See

---

[1]  As to prison conditions, pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment, and convicted prisoners are protected by the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, n.16, 545 (1979); City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983); Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 345-46, n.31 (3d Cir. 1987).  The standards for stating a conditions of confinement claim are the same in either case.  Bell v. Wolfish, 441 U.S. at 544; Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979).  For the sake of simplicity, the Court will refer to Moore's claim as an Eighth Amendment claim.

Walker v. Taylorville Corr. Ctr., 129 F.3d 410, 414 (7th Cir. 1997); Mathie v. Fries, 121 F.3d 808 (2d Cir. 1997); Freitas v. Ault, 109 F.3d 1335, 1338-39 (8th Cir. 1997); Boddie v. Schnieder, 105 F.3d 857 (2d Cir. 1997).  But the conditions of imprisonment do not generally reach the threshold of constitutional concern until a showing is made of "genuine privations of hardship over an extended period of time."  Bell v. Wolfish, 441 U.S. 520, 542 (1979).  A single isolated incident of sexual harassment that is not in and of itself severe, is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim. Compare Berryhill v. Schriro, 137 F.3d 1073 (8th Cir. 1998) (male inmate's claims that two officers grabbed his buttocks for moment do not meet objective component of Eighth Amendment) and Boddie, 105 F.3d at 857 (prisoner's claims that officer touched his penis, later bumped into him and pressed whole body against him are not sufficiently serious to satisfy objective component) with Watson v. Jones, 980 F.2d 1165, 1166 (8th Cir. 1992) (allegations of two male inmates that female officer performed daily pat-down searches that included "prolonged rubbing and fondling of the genitals and anus area" for two month period satisfy objective element).

Because the single alleged incident here is not sufficiently serious to satisfy the objective component of an Eighth Amendment claim, the claim will be dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

Moore also states that Dozier filed false disciplinary charges against him, which were apparently not upheld.  (Am. Compl., Statement of Facts.)  The filing of false disciplinary charges does not itself deprive an inmate of a constitutional right.  See White v. Fauver, 19 F.Supp.2d 305, 319 (D.N.J. 1998). The Court also will dismiss this claim.

### III. <u>CONCLUSION</u>

For the reasons expressed above, the Court will dismiss the Amended Complaint against all Defendants for failure to state a claim upon which relief may be granted.  The Court will issue an appropriate order and judgment.


               s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge